IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS ANDREW WHITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-094 |
| | ) | |
| TIMOTHY VAUGHN; KELLI ADAMS; STEVE HARRISON; ASHLEY McGLAUGHLIN; LT. COL. MAJOR S. B. ANDREWS; and CAPTAIN JEROME DANIELS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, detained at Dodge County Jail, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   SCREENING THE COMPLAINT

   A.   BACKGROUND

Plaintiff names the following defendants:  (1) District Attorney Timothy Vaughn of the Oconee Judicial District; (2) Assistant District Attorney Kelli Adams; (3) Senior Public Defender Steve Harrison of the Oconee Judicial District Public Defender's Office; (4) Assistant Public Defender Ashley McGlaughlin; (5) Lt. Col. Major S. B. Andrews of the Dodge County Sheriff's

Department; and (6) Captain Jerome Daniels of the Dodge County Sheriff's Department. (Doc. no. 1, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges Defendants Vaughn and Adams have violated his constitutional rights and acted maliciously toward Plaintiff during their prosecution of him, and he can present documents and dates proving as much. (Id. at 3-4.) Defendants Harrison and McGlaughlin, presumably Plaintiff's defense attorneys, also violated Plaintiff's constitutional rights by conducting no research or investigation in their defense of him. (Id. at 5.) They were indifferent, did not prepare for court, and did not file motions concerning malicious prosecution, the speedy trial act, or conflicts of interest. (Id. at 5-7.) Further, they were ineffective as counsel, violated Georgia law and rules of professional conduct, and were personally conflicted. (Id. at 6-7.) Last, Defendants Andrews and Daniels violated Plaintiff's constitutional rights by denying Plaintiff contact with his attorney, violating attorney-client confidentiality, and denying him access to courts while was in their custody at the county jail. (Id. at 8-9.)

### B.   DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490

(11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2.  **Pleading Deficiencies in Plaintiff's Complaint**

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. Plaintiff provides almost no details in his statement of claim, and his

3

complaint mainly contains formulaic recitation of the elements of constitutional torts without any description of how Defendants violated his constitutional rights. As explained, such allegations will not suffice. Iqbal, 556 U.S. at 678. Though Plaintiff has since made several filings explaining his claims with slightly more detail, these post-complaint filings cannot provide the factual basis for his claims and the complaint. (See doc. nos. 10-12.) In order for the Court to screen the complaint and determine whether to order service of process on Plaintiff's claims, Plaintiff must provide the Court a detailed narrative of the events and actions complained of *in a single complaint*.

Regardless, the bulk of Plaintiff's complaint involves claims against his defense attorneys and the prosecutors in what appears to be an ongoing prosecution against him in Dodge County. However, "[a] prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Further, public defenders "are not state actors for purposes of § 1983." Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)).

## II.    LEAVE TO AMEND COMPLAINT

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by submitting an amended complaint. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be given one chance to amend to cure pleading deficiencies prior to dismissal). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his

allegations in one document, within fourteen days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate

5

<u>them by reference as a means of providing the factual basis for his amended complaint</u>.  For example, Plaintiff should not simply state, "See attached documents."  Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.  Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint.  If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 5th day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA