IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS ANDREW WHITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-094 |
| | ) | |
| TIMOTHY VAUGHN; KELLI ADAMS; STEVE HARRISON; ASHLEY MCGLAUGHLIN; LT. COL. MAJOR S. B. ANDREWS; and CAPTAIN JEROME DANIELS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Laurens County Detention Center in Dublin, Georgia, filed this case pursuant to 42 U.S.C. § 1983 regarding events taking place at Dodge County Jail in Eastman, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. SCREENING THE AMENDED COMPLAINT

A. BACKGROUND

In his amended complaint, Plaintiff names Defendants Lt. Col. Major. S.B. Andrews and Captain Jerome Daniels. (Doc. no. 18, pp. 1-2.) The initial complaint named the following defendants who are omitted from the amended complaint: (1) Timothy Vaughn, (2) Kelli Adams, (3) Steve Harrison, and (4) Ashley McGlaughlin. (Compare doc. no. 1 with doc. no. 18.)

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has been in pretrial custody on two state criminal cases for twenty-eight months. (Doc. no. 18, p. 13.) It is unclear whether he is represented by counsel in those cases. Plaintiff mentions court-appointed counsel, but only in the context of saying he has had "repeated conflicts" with them, and he does not explain whether the conflicts were mere disagreements or legal conflicts of interest that precluded representation. (Id.) As a result of these conflicts, Plaintiff has been unable to request a bond or file pretrial motions. (Id.) Plaintiff wanted to speak with other attorneys to obtain legal advice and to attempt to retain an attorney, but Defendants Andrews and Daniels denied Plaintiff's multiple requests for permission to communicate with attorneys. (Id.) For example, Defendant Andrews denied Plaintiff's request to call attorney Chris Gordon. (Id. at 14.) Later, Defendant Andrews told Plaintiff Mr. Gordon was a "personal friend" of his, he had taken the unsolicited liberty of contacting Mr. Gordon on Plaintiff's behalf, and Mr. Gordon did not want to represent Plaintiff because Plaintiff could not afford him. (Id.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2. **Plaintiff Fails to State a Valid Access to Courts Claim Against Defendants Andrews and Daniels**

The "constitutional right of access to the courts requires prison authorities to provide

3

prisoners with adequate law libraries or adequate assistance from persons trained in the law." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). However, prisoners do not have "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). To succeed on an access to courts claim, an inmate must show the lack of access to counsel "hindered his efforts to proceed with a legal claim in a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

However, an inmate cannot bring a claim under Lewis for pending criminal proceedings. See Lewis, 518 U.S. at 351; Landy v. Georgia, 2021 WL 5411217 at *10-11 (S.D. Ga. 2021) (holding alleged failure of jail staff and court clerks to provide plaintiff with legal counsel for state criminal proceedings did not give rise to court access claim); Allen v. Cochran, 2014 WL 2468317, at *3 (S.D. Ala. 2014) ("An initial criminal proceeding is not one of the actions identified in Lewis in which an injury for a claim for denial of access to courts can be established.").

Furthermore, abstention is necessary to avoid undue interference with the state criminal cases. Whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of §

4

1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention here. First, public records confirm Plaintiff's allegation that the underlying criminal cases remain pending in state trial courts.[1] Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. The state has an important interest in adjudicating Plaintiff's criminal cases, and Plaintiff can raise in the state trial courts his complaints regarding legal representation, request for bond, speedy trial concerns, etc. See Hughes v. Att'y Gen. of Florida, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) ("The policy of equitable restraint expressed in Younger . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Third, Plaintiff has alleged no facts to suggest the state courts would fail to provide an adequate remedy. See 31 Foster Children, 329 F.3d at 1279.

For these reasons, the Court should abstain from ruling under the Younger doctrine, and Plaintiff's denial of access to courts claim against Defendants should be dismissed. See, e.g. Rodriquez v. Chatman, 2015 WL 4162991 at *6-7 (M.D. Ga. 2015) (holding that because inmate's criminal proceedings were ongoing, court should abstain from considering merits of

---

[1] See Oconee Judicial Circuit, Dodge County Clerk of Court Web Docket, available at http://www.oconeecircuit.com/login/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Whittle, Thomas Andrew," open 20R-1512 and 20R-1517, last visited November 17, 2022); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

5

plaintiff's access to courts claim under Younger); See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice and does not preclude later re-filing of the complaint"); Hughes, 377 F.3d at 1263.

### 3. Plaintiff Fails to State a Claim Against Defendants Vaughn, Adams, Harrison, and McGlaughlin

Plaintiff fails to state a claim against Defendants Vaugh, Adams, Harrison, and McGlaughlin.  The amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). While Plaintiff names Defendants Vaughn, Adams, Harrison, and McGlaughlin in the original complaint, he does not name them in the caption or any portion of his amended complaint.  Plaintiff therefore does not connect any of these Defendants with a purported constitutional violation. Dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendants Vaughn, Adams, Harrison, and McGlaughlin should be dismissed.

### 4. Plaintiff's Official Capacity Monetary Claim

Plaintiff is suing Defendants Andrews and Daniels in their individual and official capacities.  (Doc. no. 18, p. 2.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169

(1985). Therefore, Plaintiff's official capacity claim against these Defendants for monetary relief fails as a matter of law.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of December, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA